No. 27,940.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LABETTE, *Appellee,* v. THE FEDERAL SURETY COMPANY, *Appellant,* et al.

(261 Pac. 834.)

SYLLABUS BY THE COURT.

COUNTIES—*Power to Contract—Liability Insurance Protecting Employees.* The rule declared in *Robertson v. Labette County Comm'rs,* ante, p. 705, just decided, that "a board of county commissioners in building a hard-surfaced road under the present statutes of this state where workmen are employed and machinery is purchased for the purpose of building a road by the county, has power to purchase and pay for insurance covering injury to workmen while engaged in such employment," is adhered to and followed.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed December 10, 1927. Reversed.

*L. E. Goodrich,* of Parsons, *John T. Harding, D. A. Murphy* and *R. C. Tucker,* all of Kansas City, Mo., for the appellant.

*Payne H. Ratner,* of Parsons, and *Charles H. Cory,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover the amount it had paid for premiums on a policy of insurance issued by the Federal Surety Company to indemnify the board of county commissioners of Labette county for any loss or damage it might sustain on account of injuries to workmen employed by the county in constructing a hard-surfaced road. The defendant answered and asked that it recover judgment for $1,280.08, the amount of premiums earned under the policy and which had not been paid by the plaintiff. Judgment was rendered in favor of the plaintiff for $1,371.25, the amount of the premiums which had been paid, and judgment was rendered against the defendant denying its claim for unpaid premiums. The defendant appeals.

The action was tried by the court without a jury and was prosecuted by the plaintiff on the theory that the county was not liable for accidents or for injuries to employees engaged in road-building. It is argued that for that reason the county was not authorized to purchase insurance to provide for payment of damages to injured employees, and that therefore the county can recover the amount of

Counties, 15 C. J. pp. 540 n. 84, 559 n. 65.

the premium paid. The policy was canceled by the board of county commissioners on September 16, 1925.

All the questions argued are disposed of by *Robertson v. Labette County Comm'rs,* ante, p. 705, just decided. The county had authority to purchase the insurance and is liable for the premiums which it contracted to pay.

The judgment is reversed, and the cause is remanded with directions to ascertain the amount of unpaid premiums at the time of the cancellation of the policy and to enter judgment in favor of the defendant for that amount.